JONES, Judge.
The plaintiff and defendant in this action were divorced in 1963. Mrs. Tanner was granted custody of the three children and awarded child support in that proceeding.
On February 10,1976, Mrs. Tanner filed a “Rule to Show Cause Why Child Support Should Not Be Increased”, alleging a change of circumstances based upon increased need of the children and a greater ability of the defendant to pay. The hearing was set for February 24, 1976.
On February 17, an order was signed resetting the Rule for March 2. On March 2 the case was called but neither the Plaintiff-in-Rule nor her attorney were present. No action was requested by defendant, and none was taken by the court. On May 25, *1278 1976, an order was signed setting a hearing for June 8, 1976. On June 8, the case was continued. Another motion and order was filed on June 10, setting a hearing for June 26. On June 25, the case could not be heard, and was reset for July 2, 1976.
On July 2, Defendant-in-Rule filed an Exception of No Cause of Action, which was overruled. After a hearing, the trial court increased the amount of child support to $300 per month. Defendant appeals.
Defendant’s argument is the Rule had no legal effect past the March 2 hearing date, at which plaintiff failed to appear. Because of this he urges the Motion and orders filed subsequent to March 2 cannot relate back to the original rule, and since these motions and orders contain no allegations of a change in circumstances, they state no cause of action. Defendant argues no other grounds to show the proceedings under this Rule were terminated. The motions and orders resetting the Rule for hearing were all filed under the same docket number as the original Rule to Show Cause.
A Rule to Show Cause is one method to commence a summary proceeding. See LSA-C.C.P. Art. 2593. As with an ordinary proceeding, once a summary proceeding is commenced, it continues until terminated, whether by decision on the merits, judgment of dismissal, or some other action of the trial court.
LSA-C.C.P. Art. 1672 provides:
“A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.” (Emphasis added)
Although Art. 1672 is found in “Book II — Ordinary Proceedings” of the Code of Civil Procedure, Art. 2596 states the rules governing ordinary proceedings are applicable to summary proceedings, except as otherwise provided by law.
Under Article 1672, plaintiff’s failure to appear at the assigned hearing has no effect on her action unless defendant applies for and the court grants a dismissal of the suit. Here the defendant took no action, and therefore plaintiff’s failure to appear has no effect. Since we find no merit in defendant’s contention that the Rule had “expired”, the action of the trial judge in dismissing his exception was proper.
For the foregoing reasons, the judgment of the trial court is affirmed, appellant to pay all costs of this appeal.