347 So.2d 57 (1977)
Lorraine JOBSON, Plaintiff-Appellee,
v.
Donald HODGE, Defendant-Appellant.
No. 13250.
Court of Appeal of Louisiana, Second Circuit.
May 23, 1977.
Rehearing Denied June 22, 1977.
*58 Glen H. Smith, Shreveport, for defendant-appellant.
Caddo-Bossier Legal Aid Society by Howard M. Fish, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied June 22, 1977.
HALL, Judge.
This appeal is from a judgment sustaining a declinatory exception of insufficiency of service of a rule to show cause on the attorney of record for one of the parties in a child custody proceeding. We reverse the judgment, overrule the exception, and remand the case for further proceedings.
On November 22, 1976, Lorraine Jobson filed a petition seeking a writ of habeas corpus directed to Donald Hodge commanding him to produce before the court their two illegitimate minor children. The writ was issued ordering defendant to produce the children before the court on November 24, and further ordering defendant to show cause why he should not be deprived of the custody of the children and why their custody should not be returned to plaintiff. On November 24, the date set for the hearing, the writ was returned by the sheriff with the report that he was unable to make service on the defendant.
On December 3, Donald Hodge, under the same style and docket number, filed a petition for permanent custody and rule for provisional custody of the minor children, alleging that one of the children was presently in the custody of her mother and alleging numerous reasons why the mother should not have custody. A rule to show cause was issued ordering Lorraine Jobson to show cause on December 8 why Donald Hodge should not be granted the temporary custody of the minor children and in due course permanent custody. The rule was served on Lorraine Jobson's attorney of record who had signed the original petition for a writ of habeas corpus.
On the date fixed for the hearing on the rule to show cause, Lorraine Jobson filed a declinatory exception of insufficiency of service of process, contending that the original habeas corpus proceeding terminated upon passage of the return date of the writ without service on the defendant, that the petition filed by Donald Hodge was a new and separate proceeding, and that service of the rule in that proceeding could not be made on the attorney of record in the terminated habeas corpus proceeding. The exception *59 was sustained by the district court and judgment rendered accordingly. Donald Hodge appealed.
A habeas corpus proceeding is a frequently used and appropriate procedural vehicle for judicially determining child custody disputes. As noted by Henry G. McMahon, in a summary appearing in the Code of Civil Procedure after the introduction of Title III dealing with extraordinary remedies:
"The rules in this title regulate the use of habeas corpus in civil cases. The principal use of this remedy in civil cases is to test the right to the custody and control of minor children. In divorce and separation cases this issue usually is determined through a rule for custody; but when the custody dispute is not between the two parents, habeas corpus provides the remedy."
The action commenced when plaintiff filed her petition. LSA-C.C.P. Arts. 421 and 3781. As with an ordinary proceeding, once an extraordinary or summary proceeding is commenced it continues until terminated, whether by decision on the merits, judgment of dismissal or some other action of the trial court. Tanner v. Tanner, 341 So.2d 1277 (La.App.2d Cir. 1977). Although service of the writ was not made on the defendant, the proceeding remained viable and was not terminated. In this same proceeding plaintiff could have obtained the issuance of another writ with a later return date, obtained service, and pursued the matter to judgment without commencing a new action. The petition for custody filed by the original defendant was responsive to plaintiff's action and also dealt directly with custody of the children. The trial court had the power to grant the relief sought by the defendant in the habeas corpus proceeding. LSA-C.C.P. Art. 3830; Wood v. Beard, 290 So.2d 675 (La.1974).
Every pleading subsequent to the original petition may be served personally on the counsel of record of the adverse party. LSA-C.C.P. Arts. 1312 and 1314; Imperial v. Hardy, 302 So.2d 5 (La.1974). Service of the rule to show cause issued pursuant to defendant's petition, a subsequent pleading in the habeas corpus proceeding, was properly made on the original plaintiff's attorney of record in the ongoing custody action instituted by the original plaintiff.
For the reasons assigned, the judgment of the district court sustaining the declinatory exception of insufficiency of service of process is reversed, the exception is overruled, and this action is remanded to the district court for further proceedings in accordance with law. The costs of appeal are assessed to the appellee.
Reversed and remanded.