STOKER, Judge.
This is an action for legal malpractice. Defendant was plaintiff’s court-appointed attorney to represent plaintiff in criminal proceedings brought by the State of Louisiana in April 1985. Plaintiff pleaded not guilty by reason of insanity to the charges against him and the district court ordered that a Sanity Commission examine him. In the meantime, and while he was incarcerated in the Evangeline Parish jail, plaintiff committed an act of self-mutilation and was hospitalized. In May 1985, following a hearing on plaintiff’s present capacity to proceed, the court ordered that plaintiff be brought to the Forensic Facility in Jackson, Louisiana as soon as possible for further evaluation. Plaintiff was subsequently extradited to Texas in December 1985 before the Forensic Facility, which was backlogged, had an opportunity to evaluate him. Plaintiff is presently serving a life sentence in Texas.
Plaintiff filed suit in proper person against defendant alleging that defendant committed gross negligence in his legal representation of plaintiff and breached their contract. Plaintiff contends that defendant should have halted or delayed the extradition proceedings until plaintiff could be mentally evaluated pursuant to the Louisiana District Court’s order. Plaintiff asserts that defendant’s negligence caused him to be unable to fully develop his insanity defense, thus probably affecting the outcome of his Texas trial.
Defendant responded to plaintiff’s petition with exceptions of vagueness, no cause of action and prescription.
Plaintiff failed to appear at the hearing on the exceptions because he was representing himself and was incarcerated in Texas at the time. The trial court sustained defendant’s exceptions of no cause *843 of action and of prescription. Plaintiff appeals this judgment and represents himself in this appeal.
OPINION
FAILURE TO APPEAR
Before dealing with the exceptions sustained by the trial court, we will first address a due process claim raised by the plaintiff-appellant in his brief.
Plaintiff contends on appeal that he was denied due process of the law because his suit was dismissed because of his failure to appear at trial. Plaintiff alleges that he was discriminated against as a pauper because he was too poor to hire an attorney, was unable to appear personally and the trial court failed to issue a bench warrant ordering his presence in court so that he could represent himself.
Plaintiff apparently misunderstands the reason for the dismissal of his suit. Although defendant could have had plaintiffs suit dismissed for failure to appear, he did not move for a dismissal on that ground. Nor could the trial judge act on his own motion to dismiss plaintiffs suit for failure to appear. LSA-C.C.P. art. 1672; Spencer v. Children’s Hospital, 419 So.2d 1307 (La.App. 4th Cir.1982), reversed on other grounds, 432 So.2d 823 (La.1983); Tanner v. Tanner, 341 So.2d 1277 (La.App. 2d Cir.1977). Although the trial court noted plaintiff’s absence from court in its judgment, the dismissal of the suit was based solely on the sustaining of the exceptions of prescription and no cause of action.[1]
Plaintiff further contends that he was entitled to have a bench warrant issued to procure his presence in court for the hearing on defendant’s exception to his petition. However, as the plaintiff in a civil proceeding, it was plaintiff’s duty to insure he was represented in court through counsel since he was unable to appear personally. In any event, suit was not dismissed for his failure to appear at the hearing.
There is no merit to plaintiff’s due process claim.
PRESCRIPTION
The defendant pleaded the prescription of one year in his peremptory exceptions. Therefore, the defendant (and the trial court as well) obviously treated the plaintiff’s suit as one in tort. Plaintiff’s petition was not filed until June 8, 1987. Considering the allegations of plaintiff’s petition, we conclude that, at the latest, the running of prescription would have begun to run when the plaintiff was extradited to stand criminal charges in Texas, that is, assuming the allegations actually set forth a tort. However, we are unable to ascertain from the record when the extradition took place. Moreover, plaintiff’s petition makes an off-hand reference to breach of contract for which the prescriptive period is ten years. Because the petition alleges that defendant was plaintiff’s appointed counsel, we could reasonably assume that no contract for legal representation was involved. However, we prefer to pretermit the entire question of prescription and to dispose of this case on the issue of failure to state a cause of action.
NO CAUSE OF ACTION
The trial court sustained defendant’s exception of no cause of action without assigning reasons. Defendant based *844 his exception on the fact that plaintiff sued for punitive and exemplary damages which are not recoverable in this type of action. The stated basis for the exception of no cause of action is perhaps good, but we conclude there is a general failure to state a cause of action in the petition.[2] We may notice any failure to disclose a cause of action. LSA-C.C.P. art. 927. After setting forth certain allegations of fact (none of which disclose a cause of action on the face of the allegations) the plaintiff sets forth what he denominates as his “claims” in paragraph IV which is then followed by his prayer. These allegations are:
“IV
“Plaintiff would respectfully and in good faith allege unto the court that Defendant herein incompetently, indifferently, negligently, and ineffectively failed and refused to act and/or guard against the obvious and existing infringements caused against the Plaintiffs Constitutional rights, and as a result committed breach of contract and/or malpractice due to his omissions and/or commission.
“1) Plaintiff was, in an arbitrarily [sic] and capricious manner, taken back to prison in disregard for the Court’s Orders that he be committed for treatment at the Forensic Facility and Sanity Commission.
“2) It was furthered [sic] order [sic] by the court that this treatment be had immediately;
“3) In light of the Court’s Orders it was highly probable that Plaintiff had a major mental disorder;
“4) Defendant herein was requested several times, both by the plaintiff and family relatives, that he take the necessary steps to prevent the occurring miscarriage of justice.
“4) [sic] It [is] not only the duty and obligation of Defendant to take steps to prevent the miscarriage of justice but to also develop the insanity issue, or at the minimum, to take the steps to see that Plaintiff be accorded the much needed and ordered treatment.
“Defendant herein failed and refused to act in all things in a professional and reasonably effective manner to the prejudice of this Plaintiff.
“WHEREFORE, for the aforesaid reasons Plaintiff would respectfuly and in good faith pray the Court to enter judgment holding Defendant liable in actual damages in the sum of 250,000.00 thousand dollars [sic] in exemplary damages and 250,000.00 thousand dollars [sic] in punitive damages, and/or any other and further relief the court may deem proper and just, both general and in equity, in the interest of justice.”
We hold the exception of no cause of action was properly sustained for failure of plaintiff's petition to allege facts under which he would be entitled to a legal remedy against defendant in malpractice or breach of contract.
Defendant had no right to enforce the Louisiana trial court’s order for mental evaluation once the Texas court properly applied for and was granted extradition of plaintiff. Under LSA-C.Cr.P. art. 272, plaintiff could be released to Texas under the Uniform Extradition Act even though he was awaiting trial in Louisiana. The issue of whether plaintiff was entitled to stay his extradition proceedings pending a sanity evaluation in Louisiana was addressed in State v. Tyler, 398 So.2d 1108 (La.1981). The court, after the following analysis, concluded that Tyler’s motion for appointment of a sanity commission in Louisiana, made when he was in the process of being extradited to Texas, was properly denied:
*845 “Interstate extradition was intended to be a summary and mandatory executive proceeding in which it was never contemplated that an asylum state would conduct the kind of preliminary inquiry traditionally intervening between arrest and trial. [Michigan v.] Doran, supra, [439 U.S. 282] 99 S.Ct. [530] at 535 [58 L.Ed. 2d 521 (1978)]; Biddinger v. Commissioner of Police, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917); In re Strauss, 197 U.S. 324, 25 S.Ct. 535, 49 L.Ed. 774 (1905).
The Louisiana statutes implementing the federal extradition provisions are found in Title VI of the Code of Criminal Procedure (C.Cr.P. Arts. 261-280). The Uniform Criminal Extradition Act provides the basis for the Louisiana provisions. The extradition process is initiated when the prosecuting officer or the executive authority of another state makes a written demand upon the governor of this state for the return of a person wanted in that state (La.C.Cr.P. Art. 263). After investigation of the extradition demand the governor of this state may issue a warrant of arrest if satisfied that the person sought should be surrendered (La.C.Cr.P. Arts. 264, 265).
A governor’s grant of extradition is prima facie evidence that constitutional and statutory requirements have been met. Doran, supra, 99 S.Ct. at 535. Once the governor has granted extradition, a court considering release of a person arrested on a governor’s warrant can do no more than decide:
(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable. Doran, supra.
In view of the limited nature of an extradition hearing to determine the validity of an arrest, the competency of the person arrested would usually have no probative value. Accordingly, evidence of an accused’s insanity at the time of the offense, as a matter relevant to his guilt or innocence, is properly excluded in any extradition proceeding. Similarly, it has generally been held that evidence introduced only for the purpose of showing present insanity by reason of which the accused is not capable of defending a charge of crime is properly heard by the court having jurisdiction of the crime. Annotation, Sanity or Insanity, or Pend-ency of Lunacy Proceedings as Matters for Consideration in Extradition Proceedings, 114 A.L.R. 693 (1938); Charlton v. Kelly, 229 U.S. 447, 33 S.Ct. 945, 57 L.Ed. 1274 (1913); State ex rel. Davey v. Owen, 133 Ohio St. 96, 12 N.E.2d 144 (1937).
In the context of a Louisiana extradition, the issues which may be raised by the accused are even more narrowly circumscribed than those cited in Doran. La.C.Cr.P. Art. 268 provides in part:
A. The grounds for discharge at the extradition hearing are that:
(1) The accused is not the person mentioned in the governor’s warrant, in the requisition, or in the judgment of conviction, sentence, indictment, information, or affidavit which is the basis of the requisition;
(2) The governor’s warrant is not signed; or
(3) A requirement of Art. 263 has not been met.
B. The guilt or innocence of the accused as to the crime of which he is charged is not an issue at the hearing. Unless one of the grounds for discharge is proven, the accused shall, without further delay, be delivered into the custody of the designated agent of the demanding state.
[[Image here]]
With the possible exception of the identity issue, the accused’s competence and his ability to assist counsel will have no impact upon the resolution of these issues at the extradition hearing.”
[[Image here]]
*846 In view of the intended summary nature of extradition proceedings, the limited scope of issues relevant to the process in the asylum state, and the opportunity to raise the issue of mental incompetency in the demanding state, we hold that the trial court properly denied relator’s motion for the appointment of a sanity commission. We are not faced with a situation in which the relator is so incompetent as to be totally unable to assist his counsel in ascertaining his identity as the person being sought in the demanding state.
For the reasons assigned the judgment is affirmed and the case is remanded to the trial court for further proceedings in accordance with law.
We conclude that, as a matter of law, plaintiff had no right to stay his extradition proceeding in order to have a sanity evaluation in Louisiana. Since the Texas court had jurisdiction over the crime for which plaintiff was extradited, plaintiff’s insanity defense was a matter for the Texas court to handle. Therefore, plaintiff’s petition failed to state a cause of action against defendant.
DECREE
For the reasons given, the judgment of the trial court sustaining the exception of no cause of action and dismissing plaintiff’s suit with prejudice is affirmed. The judgment of the trial court sustaining the exception of prescription is reversed and set aside, reserving to the defendant any defense grounded on prescription which might be asserted and proven on trial on the merits in the event that any future proceedings in this matter should result in setting aside dismissal of plaintiff’s suit for failure to set forth a cause of action.
The costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED IN PART AND REVERSED IN PART.

. JUDGMENT
This matter came up on September 16, 1987 before the Honorable Judge Robert Brinkman, for the hearing of Dilatory and Peremptory Exceptions filed by defendant, GUY O. MITCHELL. Petitioner, DONALD LEBLEU was not present after having been duly notified. The defendant, exceptor, GUY O. MITCHELL was present and represented by his attorney, Anthony C. Dupré. After hearing the argument of counsel and considering the evidence presented, the Court made the following ruling.
IT IS ORDERED, ADJUDGED AND DECREED that the defendant's exception of prescription and exception of no cause of action be and they are hereby sustained and accordingly that petitioner’s suit be dismissed, with full prejudice and at petitioner’s costs.
JUDGMENT RENDERED in Open Court this 16th day of September, 1987.
JUDGMENT READ AND SIGNED in Open Court in Opelousas, St. Landry Parish, Louisiana on the 17th day of September, 1987.

. The defendant raised this exception of no cause of action twice, the later exception being the one referred to in this opinion. In an earlier filing which included the exceptions of vagueness and prescription the defendant urged other grounds for dismissal based on failure to disclose a cause of action. These were that there was no contractual relationship between plaintiff and defendant which would have given rise to a malpractice action and that defendant represented plaintiff (as appointed counsel) as a corporation and he was not subject to a suit in his individual capacity. We pretermit consideration of these grounds.