CYCLE SPORT, LLC D/B/A CYCLE SHOP
v.
GARY JONES AND KAY JONES.
No. 2006 CA 2402.
Court of Appeals of Louisiana, First Circuit.
September 14, 2007.
REGEL L. BISSO, Metairie, LA, Counsel for Plaintiff/Appellee Cycle Sport, LLC d/b/a Cycle Shop.
W. CHRISTOPHER BEARY, R. RAY ORRILL, JR. AMY E. ROTH, New Orleans, LA, and DAVID C. VIDRINE, Slidell, LA, Counsel for Defendants/Appellants Gary Jones and Kay Jones.
Before: WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
This appeal arises from the denial of a motion for new trial, based on a claim of insufficiency of service of process on a motion for summary judgment filed in a suit for breach of contract. For the reasons that follow, we recall the show cause order issued by this court, deny motions of the parties filed on appeal, vacate the summary judgment, and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
In 2002, plaintiff, Cycle Sport LLC d/b/a Cycle Shop, purchased a motorcycle dealership known as the "Cycle Shop" from J. Gary Jones Cycle Shack, Inc. In connection with that sale, plaintiff entered into a contract with defendants, Gary Jones and Kay Jones, for consulting services, in exchange for a fee of $200,000.00 to each. Also included in the consulting agreement was a provision prohibiting Gary Jones and Kay Jones from owning, maintaining, operating, engaging in, or having any interest in any business similar to the Cycle Shop, in St. Tammany Parish. The agreement further provided that in the event of a default by Gary Jones and Kay Jones, the consulting agreement would terminate and the Joneses would owe plaintiff damages, costs, expenses, attorney fees, and a refund of a percentage of the consulting fees. On July 9, 2004, plaintiff sent written notice of default to the Joneses stating that the Joneses had engaged in selling motorcycles on June 9th or 10th of 2004 in St. Tammany Parish in contravention of the contract between the parties.[1]
On September 1, 2004, plaintiff filed the instant lawsuit seeking: (1) a refund of a "percentage of the fees paid pursuant to Section II" of the contract "said percentage being equal to the percentage of the term of [the] agreement remaining at the time of termination;" (2) reasonable attorney's fees; (3) legal interest; (4) costs; and (5) "[a]ll additional and consequential damages as are reasonable in the premises."[2] Defendants filed an answer, denying the alleged default. Defendant's answer was filed on their behalf by counsel, Glenn E. Diaz, who listed his address as 2200 Jackson Boulevard in Chalmette, Louisiana.
On June 27, 2005, plaintiff filed a motion for summary judgment, which asked for service on defendants "[t]hrough their attorney of record," who was named as "David C. Vidrine, Esq." Mr. Vidrine's address was listed as 2200 Jackson Boulevard in Chalmette, Louisiana. Defendants filed no opposition to the motion for summary judgment and made no appearance at the August 11, 2005 hearing. Summary judgment was granted by the trial court and signed on August 18, 2005, ordering defendants to pay to plaintiff the amount of $46,785.23, along with litigation expenses in the amount of $5,205.00, costs, interest, and "all attorneys' fees, costs and expenses of collection." Notice of judgment was directed to defendants through Mr. Vidrine at the Jackson Boulevard address. On January 18, 2006, plaintiff filed motions for judgment debtor examinations as to each defendant. Service of the motion on Gary Jones was stated as being made under Louisiana's "Long Arm Statute," while service on Kay Jones was requested to be made at 1485 Royal Palms Drive in Slidell, Louisiana.
On April 10, 2006, defendants filed a motion for new trial, alleging that at the time service of plaintiffs motion for summary judgment was made, Glenn E. Diaz was their counsel of record, not David C. Vidrine, upon whom service was requested. Defendants contended that they made no opposition to the motion for summary judgment and did not appear at the hearing because neither they nor their attorney of record, Glenn E. Diaz, had notice of the motion. Defendants contended that notice of the summary judgment that was rendered was directed to David C. Vidrine, who was not their counsel of record. Because service was not made on their counsel of record, defendants contended they were entitled to a new trial. The motion for new trial was filed on defendants' behalf by David C. Vidrine, whose address was listed as 625 Baronne Street in New Orleans, Louisiana.
Annexed to the motion for new trial was the affidavit of David C. Vidrine, which stated that prior to the motion for new trial, Glenn E. Diaz was counsel of record for defendants, and that he, David C. Vidrine, was not retained to represent defendants' interests prior to the filing of the motion for new trial. Mr. Vidrine further attested that during 2004 he was an independent contractor for Glenn E. Diaz, but discontinued the association in December of 2004. Mr. Vidrine stated that he changed his contact information in March of 2005 with the Louisiana Bar Association and the Louisiana Supreme Court to 9061 W. Judge Perez Boulevard in Chalmette, Louisiana. Mr. Vidrine stated that he did not receive the notice of the motion for summary judgment sent on or about June 30, 2005, or the subsequent August notice of judgment, addressed to him at 2200 Jackson Boulevard in Chalmette. Mr. Vidrine attested that neither he nor defendants had any notice, either actual or constructive of the motion for summary judgment or hearing thereon. Further, Mr. Vidrine stated that Mr. Diaz informed him that he had no knowledge of any pleadings or notices regarding these matters being delivered to his 2200 Jackson Boulevard office, and that Mr. Diaz's office was completely inundated by Hurricane Katrina flood waters, which destroyed all files, correspondence, and equipment located in Mr. Diaz's office.
In connection with plaintiffs opposition to the motion for new trial, counsel for plaintiff, Regel L. Bisso, filed an affidavit stating that following the filing of this action, David Vidrine telephoned him. Mr. Bisso attested that David Vidrine indicated he would be representing the defendants, and that Mr. Vidrine requested a thirty-day extension of time to file pleadings. Mr. Bisso also stated that Mr. Vidrine did not disclose to him at that time any of the facts later alleged in the affidavit attached to defendants' motion for new trial or thereafter notify him of a change of address. Plaintiff also filed with its opposition to the motion for new trial a copy of a letter dated September 22, 2004 addressed to Regel Bisso on the letterhead stationary of Glenn E. Diaz, but purportedly signed by David C. Vidrine stating, in pertinent part, "the undersigned have been retained to represent the interest[s] of both Gary Jones and Kay Jones in the above titled matter." Additionally, a copy of a November 12, 2004 letter to the 22nd Judicial District Court Clerk of Court, which accompanied the defendants' answer filed in this suit, appears in the record, also on the letterhead of Glenn E. Diaz, and bearing a computer-generated signature for David C. Vidrine.
Following a July 10, 2006 hearing on defendants' motion for new trial, judgment was signed on August 3, 2006, denying the motion. Defendants thereafter filed the instant appeal, contending the trial court erred in failing to grant a new trial in this case in light of the improper service of the motion for summary judgment.[3]

LAW AND ANALYSIS
Resolution of the issue presented in this appeal turns on the determination of whether service of the motion for summary judgment in this case was proper. On this issue, the following Louisiana Code of Civil Procedure Articles are pertinent:

Art. 1312. Service of pleadings subsequent to petition; exceptions
Except as otherwise provided in the second paragraph hereof, every pleading subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is applicable.
* * *

Art. 1313. Service by mail, delivery, or facsimile
A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by:
(1) Mailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing.
(2) Delivering a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party.
(3) Delivering a copy thereof to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
(4) Facsimile transmission of a copy thereof to the counsel of record at his number designated for facsimile transmission, or if there is no counsel of record, to the adverse party at his number designated for facsimile transmission, this service being complete upon receipt of the transmission.
B. When service is made by mail, delivery, or facsimile transmission, the party or counsel making the service shall file in the record a certificate of the manner in which service was made.
C. Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made by registered or certified mail or as provided in Article 1314.

Art. 1314. Same; service by sheriff
A. A pleading which is required to be served, but which may not be served under Article 1313, shall be served by the sheriff by either of the following:
(1) Service on the adverse party in any manner permitted under Articles 1231 through 1266.
(2)(a) Personal service on the counsel of record of the adverse party or delivery of a copy of the pleading to the clerk of court, if there is no counsel of record and the address of the adverse party is not known.
(b) Except as otherwise provided in Article 2293, service may not be made on the counsel of record after a final judgment terminating or disposing of all issues litigated has been rendered, the delays for appeal have lapsed, and no timely appeal has been taken.
B. Personal service on a partner or office associate of a counsel of record, in the office of such counsel of record shall constitute valid service under Paragraph A of this Article.
(Emphasis added.)
Thus, under LSA-C.C.P. arts. 1312-1314, service of the motion for summary judgment could be made on the defendants'"counsel of record" or the partner or office associate of a counsel of record. A "counsel of record" for a party is an attorney who has signed a pleading for that party in a particular lawsuit. See LSA-C.C.P. art. 863(A);[4] Jobson v. Hodge, 347 So.2d 57, 58-9 (La. App. 2 Cir.), writ denied, 350 So.2d 674 (La. 1977).[5]
At the time the motion for summary judgment was filed in this matter, the only attorney who had signed a pleading on behalf of defendants was Glenn E. Diaz; therefore, Mr. Diaz was counsel of record for defendants and could have been served on their behalf with any pleading subsequent to the filing of their answer in accordance with LSA-C.C.P. arts. 1312-1314. Because plaintiff sought to have defendants served through an attorney who was not their counsel of record, we conclude the service was defective as a matter of law.[6]
Although it is suggested in Dicta Realty Associates v. Conrad, 230 So.2d 595, 597 (La. App. 4 Cir. 1970), that following rendition of judgment, any defect in service of process should be raised by an action to annul the judgment rather than by motion for new trial, the Fourth Circuit also recognized that LSA-C.C.P. art. 2164 gives an appellate court the power to render any judgment that is just, legal, and proper upon the record on appeal. Under the circumstances presented in this case, we likewise conclude that application of LSA-C.C.P. art. 2164 militates in favor of this court granting relief to the defendants. Therefore, we will vacate the summary judgment granted by the trial court in this case, without prejudice to the right of plaintiff to maintain its action against defendants.[7]

CONCLUSION
For the reasons assigned, the summary judgment rendered by the trial court in favor of plaintiff and against defendants is hereby vacated, and the matter is remanded for further proceedings in accordance with the foregoing opinion. The show cause order issued by this court is recalled, and motions filed in this court by both plaintiff and defendants are denied. All costs of this appeal are to be borne by plaintiff, Cycle Sport LLC d/b/a Cycle Shop.
SHOW CAUSE ORDER RECALLED; MOTIONS DENIED; JUDGMENT VACATED; REMANDED TO TRIAL COURT.
NOTES
[1] While plaintiffs petition stated that "[o]n or about June 10, 2004, [d]efendant engaged in selling motorcycles under a tent within the Parish of St. Tammany," other documents in the record indicated the date was June 9, 2004.
[2] No dollar amount was stated in the petition for the damages alleged.
[3] Following the denial of defendants' motion for new trial, W. Christopher Beary, R. Ray Orrill, Jr., and Amy E. Roth, of Cordell & Beary, L.L.C., enrolled as additional counsel for defendants, and prosecute the instant appeal on defendants' behalf.
[4] Louisiana Code of Civil Procedure Article 863(A) provides, in pertinent part: "Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated."
[5] In the Jobson case, service on a party was found to be proper when made on the attorney "of record" who had previously signed a pleading in the suit. Jobson v. Hodge, 347 So.2d at 59.
[6] We recognize that service on an attorney can be made on his secretary in accordance with LSA-C.C.P. art. 1235(B), and even via his facsimile machine as provided by LSA-R.S. 13:3471(8). However, because the instant service of the motion for summary judgment was directed to an attorney who was not "counsel of record" and who no longer practiced law on the same premises as the actual attorney of record, we can find no interpretation of the pertinent codal articles and statutes that would validate the service at issue.
[7] Having decided this appeal on this basis, we find it unnecessary to address other issues presented by defendants, including the motion to supplement the record filed in this court. Nor do we find merit in plaintiffs motion before this court to remand the matter to the trial court for the issuance of reasons for judgment prior to a decision on appeal. In the lower court, the trial judge ruled from the bench during open court and the proceedings were transcribed and appear in the record on appeal. The trial judge stated that he had reviewed the record and was not willing to make a "judgment call" as to who was attorney of record, but he nevertheless denied the motion for new trial. Either the trial judge believed service of the motion for summary judgment was proper and/or that the motion for new trial was untimely. Since we have determined that service on David Vidrine, prior to his becoming counsel of record in this case, either for purposes of the motion for summary judgment or for purposes of receiving notice of judgment on behalf of defendants, was improper as a matter of law, such service can have no effect and the trial court erred in ruling otherwise. Thus we find it unnecessary to obtain written reasons from the trial court. Further, even though on the face of the record time delays appear to have run for the filing of both a motion for new trial and a motion for appeal, because notice of rendition of the summary judgment was invalid for lack of proper service, new trial and appeal delays did not begin to run. Accordingly, we will deny the motion by plaintiff as well as that filed by defendants in this court, and we will recall the show cause order issued by this court regarding the timeliness of the motion for new trial and motion for appeal.